UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CURRIE,<br><br>   Petitioner,<br><br>  v.<br><br>MULE CREEK STATE PRISON WARDEN,<br><br>   Respondent. | No.  2:15-cv-0900 GEB AC P<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In his petition, petitioner alleges that as a mentally ill and openly gay inmate, he is wrongfully being denied single cell housing status in violation of his constitutional rights under the Eighth and Fourteenth Amendments.  Id. at 5.  Petitioner seeks declaratory and injunctive relief.  Id. at 15, 19.

  Petitioner's request for injunctive relief regarding his cell status presents a challenge to the conditions of petitioner's confinement, which may not be addressed in this habeas action.  Habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Petitioner is advised that the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931

1

1   F.2d 573, 574 (9th Cir. 1991).  Here, petitioner specifically states that "[his] petition does not
2   concern [his] sentence or conviction;" rather, it concerns only "prison conditions" and his need
3   for "single cell status."  See ECF No. 1 at 1.  Accordingly, it is recommended that the petition be
4   dismissed without prejudice to petitioner's right to file a § 1983 civil rights complaint.

5   <u>WARNING</u>: Petitioner is informed that upon filing a § 1983 civil rights complaint, he will
6   be charged a $350 filing fee.  Petitioner is cautioned that this court has made no determination as
7   to the merits of his potential § 1983 claims and has made no findings as to whether his claims
8   would survive past the screening stage, should he elect to pursue a civil rights action.

9   Petitioner is further advised that prior to filing a § 1983 civil rights action, he must first
10  file an administrative grievance with the prison and complete the prison grievance process in
11  order to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  42
12  U.S.C. § 1997(e)(a); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002) (the PLRA requires that
13  administrative remedies be exhausted prior to filing suit).  <u>See</u> also <u>Woodford v. Ngo</u>, 548 U.S.
14  81 (2006) (exhaustion requires that the prisoner complete the administrative review process in
15  accordance with all applicable procedural rules).  Petitioner may then seek relief in federal court
16  by filing a § 1983 civil rights complaint.

17  Accordingly, IT IS HEREBY RECOMMENDED that:

18  1. Petitioner's application for writ of habeas corpus (ECF No. 1) be dismissed without
19      prejudice to refiling it as a § 1983 civil rights action; and
20  2. The clerk of the court is directed to send petitioner a § 1983 civil rights complaint
21      form and the accompanying directions.

22  These findings and recommendations are submitted to the United States District Judge
23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twentyone days
24  after being served with these findings and recommendations, plaintiff may file written objections
25  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
26  ////
27  ////
28  ////

2

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE